# DISTRICT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal No. 09-24 |
| v. ) | |
| ) | |
| MICHAEL HODGE, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

This matter came before the Honorable Geoffrey W. Barnard, United States Magistrate Judge, on Tuesday, June 22, 2009, on the Government's Motion to Detain the defendant pending disposition of this matter pursuant to 18 U.S.C. §3142. The Government was represented by Assistant United States Attorney Major Coleman and the defendant was represented by George Hodge, Jr., Esq.

## RELEVANT FACTS

The defendant was convicted on a plea of guilty on December 12, 2007, for unlawful transportation of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) and was sentenced to ten months imprisonment and three years supervised release. On or about May 17, 2009, while on supervised release, the defendant allegedly robbed a Subway at the Nisky Center, St. Thomas, Virgin Islands. The defendant was arrested and charged by information with the following offenses: A Felon in Possession, 18 U.S.C. §§ 922(g)(1) and 18 U.S.C. 922(q)(2)(a); Interference With Commerce by Threats or Violence, 18 U.S.C. § 1951; First Degree Robbery, 14 V.I.C. § 1862(2); First Degree Assault, 14 V.I.C. § 295(3); False Imprisonment and Kidnaping, 14 V.I.C. § 1051; Grand Larceny, 14 V.I.C. §

1083(1); Possession of an Unlicensed Firearm, 14 V.I.C. 2253(a) and Aiding and Abetting, 18 U.S.C. § 2 and 14 V.I.C. § 11.

## PROCEEDING AND DISCUSSION

At the detention hearing, the Government offered no testimonial evidence and proceeded by proffer on the information.[1] The defendant did not present any evidence. The Government argued that the rebuttable presumption was invoked under 18 U.S.C. § 3142 (e)(2)(A) and (C) because the defendant had been previously convicted of a felony offense, "which invoke[d] the rebuttable presumption in Title 18, United States Code, Section 3142 (e)(2)(A)" and that "a period of not more than five years has elapsed since the date of the conviction, or release of the person from imprisonment for the offense described in subparagraph (A), whichever is later. Title 18, United States Code, Section 3142 (e)(2)(C)." (Government's Brief in Argument That the Court Should Find The Defendant To Be a Danger to the Community and That He Should Be Detained Until Trial, page 2).

Title 18, United States Code, section 3142(e)(2) reads:

In a case described in subsection (f)(1) of this section,[2] a rebuttable presumption

---

[1] In support of the Motion to Revoke the defendant's supervised release in *United States of America v. Michael Hodge, Jr.*, Crim. No. 07-10, the Court made a finding that sufficient evidence exist to support a finding of probable cause that the defendant committed the offenses charge in this case, *United States of America v. Michael Hodge, Jr.*, Crim. No. 09-24. Additionally, on Thursday, July 9, the grand jury returned an indictment against the defendant on the charges presented in the information in, *USA v. Michael Hodge, Jr.*, Crim. No. 09-24.

[2] 18 U.S.C. section 3142(f) reads:
(f) Detention hearing. The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community--

    arises that no condition or combination of conditions will reasonable assure the safety of any other person and the community if the judicial officer finds that-
      (A) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in (f)(1) of this section if a circumstance giving rise to Federal jurisdiction has existed;
      (B) the offense described in subparagraph (A) was committed while the person was on release pending trial for a Federal, State or local offense;
      (C) a period of not more than five years has elapsed since the date of conviction, or release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

The Government looks to 18 U.S.C. § 3142(e)(2) and applies subparagraphs(A) and (C) to the facts of this case and does not apply subparagraph (B). The statue is written in the conjunctive and not the disjunctive and, therefore, subparagraph (B) must be applied to the facts at bar also. To raise the rebuttable presumption under 18 U.S.C. § 3142(e)(2), a defendant must have been convicted or released from imprisonment within the preceding five years, whichever is later, for an offense enumerated 18 U.S.C. § 3142(f)(1) and the offense that the defendant was convicted

---

(1) upon motion of the attorney for the Government, in a case that involves--
  (A) a crime of violence, a violation of section 1591 or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
  (B) an offense for which the maximum sentence is life imprisonment or death;
  (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
  (D) any felony if the person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or
  (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

for, or was on release for, must have been committed while the defendant was on release **pending** trial for a Federal, state or local offense.

Here, on these facts, the defendant was convicted in December 2007 for arguably a crime of violence,[3] to wit: unlawful transportation of a firearm with an obliterated serial number. On or about May 17, 2009, approximately two years after the defendant's conviction and while the defendant was on supervised release, the defendant allegedly committed the offenses that are charged in this information and are the basis for this motion for pretrial detention. On these facts, the Government alleges that the rebuttable presumption is raised under 18 U.S.C. § 3142(e)(2). The Court disagrees. Here, the facts of this case do not meet the elements of 18 U.S.C. § 3142(e)(2). Specifically, the rebuttable presumption is not raised because the offense that the defendant was convicted of, the unlawful transportation of a firearm with an obliterated serial number, was not committed while the defendant was on release pending trial for Federal, State or local offense as required under 18 U.S.C.§ 3124(e)(2)(B). The defendant was not on pretrial release in October 2002, when he committed the offense that lead to his December 2007 conviction. This Court's interpretation of 18 U.S.C. § 3142(e)(2) is consistent with other courts' interpretation of this provision. See, *United States of America v. Close*, 550 F. Supp. 2d 185, 187 ( D.C. Ma. 2008); *United States of America v. Miller,* 625 F. Supp. 513, 517 (D.C. Ka 1985).

---

[3]For the purposes of §§ 3141-3150, chapter 207, of Title 18, United States Code, a crime of violence is defined at 18 U. S. C. § 3156(a)(4) as:
  (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
  (B) any other offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
  (C) any felony under chapter 109A, 110 or 117.

As the rebuttable presumption is not raised in this case, the Court must determine, on the evidence and the record before it, whether the defendant should be granted release pending trial. Title 18 U.S.C. §3142(e)(1) authorizes the court to detain a defendant if the court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person or the community. In making its determination, the court must consider the factors set forth at 18 U.S.C. §3142(g). These factors are as follows:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or a controlled substance, firearm, explosive or destructive device;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including the person's character, physical and mental condition, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In applying these factors to this case, the Court notes that the defendant is alleged to have committed a crime of violence while on supervised release on a charge that involved a firearm. Additionally, the weight of the evidence against the defendant is substantial. It appears that the defendant may have admitted to committing the alleged offense. Additionally, the defendant appears to be in good health and does not appear to have a substance abuse problem. The defendant was born in St. Thomas, Virgin Islands and has family who resides here. Additionally, the defendant was convicted in July 1999 for simple assault and battery and disturbance of the

peace. In July 2002 the defendant was acquitted on an aggravated assault charge and in July 1997 a *nolle prosequi* was entered on burglary and grand theft charges. Notwithstanding the defendant's ties to the community and his relatively limited past criminal history, given that the nature of the charges pending against the defendant and the fact that the offense was committed while the defendant was on supervised release, the Court finds no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, it is hereby

**ORDERED** that the defendant will be detained, without prejudice, and will be committed to the custody of the United States Attorney General for confinement in a Corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

**ORDERED** that on order of the Court or on request of the United States Attorney, the Warden of the Bureau of Corrections will deliver the defendant to the United States Marshal for the purpose of appearance in connection with court proceedings; and it is further

**ORDERED** that the defendant will be allowed reasonable opportunity for private consultation with his counsel.

**DATED**: July 20, 2009         S\_____
                                 **GEOFFREY W. BARNARD**
                                 **U.S. MAGISTRATE JUDGE**

**ATTEST:**
**WILFREDO F. MORALES**
Clerk of Court